the actions subject to this complaint. The complaint against them alleging that cause of action should have been dismissed.

The complaint adequately states a cause of action to withstand a 12(b)(6) motion, however, regarding the allegations that defendants abused Kyle in violation of his substantive due process rights. We therefore affirm the district court's decision that these defendants are not entitled to qualified immunity on these claims on a motion to dismiss.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Before TJOFLAT and MARCUS, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

We affirm the judgment of the district court granting the defendant's motion for judgment as a matter of law on the ground that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (1994), does not apply to the defendant, because the defendant is a "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... is incidental to a bona fide fiduciary obligation...." 15 U.S.C. § 1692a(6)(F)(i). *See Pelfrey v. Educational Credit Management Corp.*, 71 F.Supp.2d 1161, 1172–74, 1179–80 (N.D.Ala.1999).

AFFIRMED.

**Patricia PELFREY, on behalf of herself and the class described herein, Plaintiff–Appellant,**

v.

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION, Defendant–Appellee.**

No. 99–6189.

United States Court of Appeals, Eleventh Circuit.

April 6, 2000.

Earl Price Underwood, Jr., Anniston, AL, for Plaintiff–Appellant.

Mark E. Shure, Keating & Shure, Ltd., Chicago, IL, for Defendant–Appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Alfredo HERNANDEZ–FRAIRE, Defendant–Appellant.**

No. 98–3192.

United States Court of Appeals, Eleventh Circuit.

April 6, 2000.

